O

FILED
CLERK, U.S.D.C. SOUTHERN DIVISION

JAN - 9 2013

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

MARIA JAQUELINE JUAREZ,           )  Case No. EDCV 12-0518 RNB
                                  )
                 Plaintiff,       )
                                  )  ORDER AFFIRMING DECISION OF
         vs.                      )  COMMISSIONER
                                  )
MICHAEL J. ASTRUE,                )
Commissioner of Social Security,  )
                                  )
                 Defendant.       )
                                  )
_____)

The sole disputed issue listed in the Joint Stipulation ("Jt Stip") is whether the Administrative Law Judge ("ALJ") failed to properly consider the relevant medical evidence in finding that plaintiff's seizure disorder did not meet or equal the requirements of Listing 11.03. The Court now rules as follows with respect to that issue.[1]

---

[1] As the Court advised the parties in its Case Management Order, the decision in this case is being made on the basis of the pleadings, the administrative record ("AR"), and the Joint Stipulation filed by the parties. In accordance with Rule 12(c) of the Federal Rules of Civil Procedure, the Court has determined which party is entitled to judgment under the standards set forth in 42 U.S.C. § 405(g).

1

As a preliminary matter, though, the Court notes that the district court's jurisdiction and the applicable standard of review in individual social security cases is set forth in 42 U.S.C. § 405(g), which provides that in individual review cases, district courts have jurisdiction to review the Commissioner's denial of benefits; and that in such cases the Court's role is limited to determining whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied. See DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991). Accordingly, the issue before the Court is not whether the ALJ complied with the Court's prior Remand Order in Case No. EDCV 10-1219 RNB.

At Step Three of the Commissioner's five-step sequential evaluation process, the ALJ must determine whether a claimant's impairment or combination of impairments meets or equals a listed impairment. See Tackett v. Apfel, 180 F.3d 1094, 1099 (9th Cir. 1999). However, the burden of proving disability based on the Listings rests with the claimant. See, e.g., Crane v. Barnhart, 224 Fed. Appx. 574, 578 (9th Cir. 2007); Burch v. Barnhart, 400 F.3d 676, 683 (9th Cir. 2005); Roberts v. Shalala, 66 F.3d 179, 182 (9th Cir. 1995), cert. denied, 517 U.S. 1122 (1996). The mere diagnosis of a listed condition does not establish that a claimant "meets" the Listings. See Young v. Sullivan, 911 F.2d 180, 183-84 (9th Cir. 1990). "For a claimant to show that his impairment matches a listing, it must meet **all** of the specified medical criteria. An impairment that manifests only some of those criteria, no matter how severely, does not qualify." Sullivan v. Zebley, 493 U.S. 521, 530, 110 S. Ct. 885, 107 L. Ed. 2d 967 (1990); see also 20 C.F.R. §§ 404.1525(d), 416.925(d).

The specific requirements of Listing 11.03 include a frequency of seizures more than once weekly in spite of at least three months of prescribed treatment; alteration of awareness or a loss of consciousness; and transient postictal manifestations of unconventional behavior or significant interference with activity during the day. See 20 C.F.R. Part 404, Subpart P, Appendix 1 § 11.03. Moreover,

the essential evidentiary requirement for showing that a claimant meets a neurological listing set forth in § 11.00 is described in § 11.00A, which notes that there must be "at least detailed description of a typical seizure" and that "testimony of persons other than the claimant is essential for description for type and frequency of seizures if professional observation is not available." This is reiterated in Social Security Ruling[2] 87-6, which amplifies the requirements of the Listing, noting that if professional observation is unavailable, a description can be obtained from a third party such as a family member or neighbor.

     Here, the ALJ based his finding that plaintiff's seizure disorder did not meet or equal the requirements of Listing 11.03 on the opinion testimony of the medical expert, Dr. Landau. (See AR 414, 415.) At the administrative hearing, Dr. Landau unequivocally opined that plaintiff did not meet or equal Listing 11.03 (see AR 481-82), and he explained that the basis for this opinion was the absence of any evidence in the medical record that the seizure order was not controlled (see AR 486). In a written interrogatory response provided subsequent to the hearing, Dr. Landau further explained that Listing 11.03 was not met "since there is no objective evidence that she is having seizures or that she has been treated for 3 months with continued seizures." (See AR 763.)

     Plaintiff has failed to cite any medical evidence of record substantiating that plaintiff experiences seizures at the frequency level required for Listing 11.03. Nor has plaintiff cited any evidence of record from third parties attesting to the frequency of plaintiff's alleged seizures. Instead, plaintiff merely references her own statements in the record regarding the frequency of her seizures. (See Jt Stip at 13.) However, as noted above, under § 11.00A, plaintiff's testimony alone does not suffice. See also Palmisciano v. Astrue, 2009 WL 890927, at *2 (D.R.I. Mar. 31, 2009) (upholding

---

     [2] Social Security Rulings are binding on ALJs. See Terry v. Sullivan, 903 F.2d 1273, 1275 n.1 (9th Cir. 1990).

ALJ's finding that plaintiff's seizure order did not meet or equal Listings 11.02 or 11.03 where the only evidence regarding the frequency of the seizures was plaintiff's own self-reports). Moreover, the ALJ expressly stated that he was not crediting plaintiff's testimony that she has three seizures per day (see AR 415) and the ALJ's previous adverse credibility finding with respect to plaintiff's testimony regarding the frequency of her seizures (see AR 12-13), which the ALJ incorporated into his decision on remand (see AR 413), already has been upheld by the Court (see AR 518-19).

The Court therefore finds that reversal is not warranted based on the ALJ's alleged failure to properly consider the relevant medical evidence in finding that plaintiff's seizure disorder did not meet or equal the requirements of Listing 11.03.

*******************

Accordingly, IT IS HEREBY ORDERED that Judgment be entered affirming the decision of the Commissioner and dismissing this action with prejudice.

DATED: January 9, 2013

/s/ Robert N. Block

ROBERT N. BLOCK
UNITED STATES MAGISTRATE JUDGE